IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>         v.<br><br>STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee and JOHN DOES 1-10,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No.  1:09-cv-00434-UNA (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COUNTERCLAIM

Plaintiff, American General Life Insurance Company (hereinafter "American General"), by and through its undersigned counsel, by way of Answer to the Counterclaim, alleges and says:

94. Insofar as the allegations contained in paragraph 94 of the Counterclaim constitute conclusions of law, no response is necessary. To the extent that a response is deemed necessary, American General denies the allegations contained in paragraph 94 of the Counterclaim.

95. American General denies the allegations contained in the paragraph 95 of the Counterclaim.

96. American General admits the allegations contained in paragraph 96 of the Counterclaim.

97. American General admits the allegations contained in paragraph 97 of the Counterclaim.

98. American General admits the allegations contained in paragraph 98 of the Counterclaim.

99. American General admits the allegations contained in paragraph 99 of the Counterclaim.

100. American General admits that Christiana Bank & Trust Company serves as the trustee of the Trust. Except as expressly admitted herein, American General denies the allegations contained in paragraph 100 of the Counterclaim.

101. American General admits the allegations contained in paragraph 101 of the Counterclaim.

102. American General admits the allegations contained in paragraph 102 of the Counterclaim.

103. American General admits that it issued and delivered Flexible Premium Adjustable Life Insurance Policy No. UM0027090L dated June 10, 2007 (the "Policy") to the Trust, the terms and provisions of which Policy speak for themselves. American General hereby expressly incorporates all of the terms and provisions of the policy as if fully set forth at length. To the extent that the allegations of the corresponding paragraph are contrary to or inconsistent with the terms and provisions of the policy, American General hereby denies said allegations.

104. American General denies the allegations contained in paragraph 104 of the Counterclaim.

105. American General is without knowledge sufficient to admit or deny the

allegations contained in paragraph 105 of the Counterclaim.

106.   American General denies the allegations contained in paragraph 106 of the Counterclaim.

107.   American General admits the allegations contained in paragraph 107 of the Counterclaim.

108.   American General denies the allegations contained in paragraph 108 of the Counterclaim.

109.   American General denies the allegations contained in paragraph 109 of the Counterclaim.

110.   American General denies the allegations contained in paragraph 110 of the Counterclaim.

111.   American General denies the allegations contained in paragraph 111 of the Counterclaim.

112.   American General denies the allegations contained in paragraph 112 of the Counterclaim.

113.   American General denies the allegations contained in paragraph of 113 of the Counterclaim.

## COUNT I
## DECLARATORY JUDGMENT

114.   American General repeats the above responses in paragraphs 94 through 113 and

incorporates those responses herein by reference as it set forth at length.

115. Insofar as the allegations contained in the paragraph 115 of the Counterclaim constitute conclusions of law, no response is necessary. To the extent that a response is deemed necessary, American General denies the allegations contained in paragraph 115 of the Counterclaim.

116. American General admits the allegations contained in paragraph 116 of the Counterclaim.

117. Insofar as the allegations contained in the paragraph 117 of the Counterclaim constitute conclusions of law, no response is necessary. To the extent that a response is deemed necessary, American General denies the allegations contained in paragraph 117 of the Counterclaim.

118. Insofar as the allegations contained in the paragraph 118 of the Counterclaim constitute conclusions of law, no response is necessary. To the extent that a response is deemed necessary, American General denies the allegations contained in paragraph 118 of the Counterclaim.

119. American General denies the allegations contained in paragraph 119 of the Counterclaim.

120. American General denies the allegations contained in paragraph 120 of the Counterclaim.

121. American General denies the allegations contained in paragraph 121 of the

Counterclaim.

122. American General denies the allegations contained in paragraph 122 of the Counterclaim.

123. American General denies the allegations contained in paragraph 123 of the Counterclaim.

## COUNT II
## BREACH OF CONTRACT

124. American General repeats the above responses in paragraphs 94 through 113 and incorporates those responses herein by reference as it set forth at length.

125. American General denies the allegations contained in paragraph 125 of the Counterclaim.

126. American General denies the allegations contained in paragraph 126 of the Counterclaim.

127. American General denies the allegations contained in paragraph 127 of the Counterclaim.

128. American General denies the allegations contained in paragraph 128 of the Counterclaim.

129. American General denies the allegations contained in paragraph 129 of the Counterclaim.

130. American General denies the allegations contained in paragraph 130 of the

Counterclaim.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state facts sufficient to constitute a cause of action for which relief can be granted.

2. The Counterclaim fails to state facts sufficient to constitute a cause of action for which relief can be granted.

3. The Counterclaim should be dismissed based upon the doctrine of unclean hands.

4. The Counterclaim should be dismissed based upon the doctrine of waiver.

5. The Counterclaim should be dismissed because the Policy is void *ab initio* and unenforceable by virtue of fraud in the inducement committed by the Defendants and/or third parties.

6. The Counterclaim should be dismissed because the Policy is void *ab initio* and unenforceable due to a lack of insurable interest.

7. If and to the extent that American General failed to perform any obligation owing to Defendants-Counterclaimants, which American General categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Defendants-Counterclaimants, and/or third parties.

8. The Counterclaim should be dismissed because of the failure of one or more of the conditions precedent to coverage contained within the Policy, including but not limited to: the obligation of utmost good faith and fair dealing in connection with the application for the Policy; the requirement that all statements and answers in the application for the subject Policy be true and complete as of the date of delivery of the Policy to the policy owner.

6

9. American General presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated affirmative defenses. American General reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

COOLEY MANION JONES LLP

*Amaryah K. Bocchino*
Jason A. Cincilla (#4232)
Amaryah K. Bocchino (#4879)
500 Delaware Avenue, Suite 710
Wilmington, DE 19801
(302) 657-2100
jcincilla@cmjlaw.com
abocchino@cmjlaw.com
*Attorneys for Plaintiff*
*American General Life Insurance Company*

**OF COUNSEL**
Megan Harper, Esquire (#4103)
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
The Curtis Center, Suite 103 East
Independence Square West
Philadelphia, PA 19106
(215)627-6900

Dated: July 27, 2009
297507_1.

## CERTIFICATE OF SERVICE

I, Amaryah K. Bocchino, hereby certify that on July 27, 2009, American General Life Insurance Company's ANSWER TO COUNTERCLAIM was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 27, 2009, American General Life Insurance Company's ANSWER TO COUNTERCLAIM was sent via U.S. First Class Mail to the following person(s):

David E. Moore
John E. James
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899
dmoore@potteranderson.com
jjames@potteranderson.com
    *Attorneys for Defendants Counterclaim-Plaintiffs*
    *Stanley Mann 2007 Insurance Trust and*
    *Christiana Bank & Trust Company*

Stanley Mann
9286 Vista Del Lago
Boca Raton, FL 33428
    *Individual Defendant*

        **COOLEY MANION JONES LLP**

        */s/ Amaryah K. Bocchino*
        Jason A. Cincilla (#4232)
        Amaryah K. Bocchino (#4879)
        500 Delaware Avenue, Suite 710
        Wilmington, DE 19801
        (302) 657-2100
        jcincilla@cmjlaw.com
        abocchino@cmjlaw.com
            *Attorneys for Plaintiff*
            *American General Life Insurance Company*