IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff - Counterclaim Defendant, | ) ) | |
| v. | ) ) | C.A. No. 09-434-GMS |
| STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1-10, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants-Counterclaim Plaintiffs. | ) ) | |

## ANSWER

Defendant Stanley Mann ("Mann" or "Defendant"), by his undersigned counsel, for his answer to the Complaint dated June 10, 2009 (the "Complaint"), states as follows:

1. Denies the allegations of paragraph 1 of the Complaint, except admit that American General brought this action seeking a declaratory judgment.

2. Denies the allegations of paragraph 2 of the Complaint and refers to the Policy Application for its complete contents.

3. Denies knowledge or belief with respect to the truth of the allegations of paragraph 3 of the Complaint.

4. Denies the allegations of paragraph 4 of the Complaint.

5. Denies the allegations of paragraph 5 of the Complaint.

6. Denies the allegations of paragraph 6 of the Complaint.

7. Denies the allegations of paragraph 7 of the Complaint.

8. Admits the allegations of paragraph 8 of the Complaint.

9. Admits the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Admits the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Denies the allegations of paragraph 15 of the Complaint and refers to the Policy Application for its complete contents.

16. Denies the allegations of paragraph 16 of the Complaint and refers to the Policy Application for its complete contents.

17. Denies the allegations of paragraph 17 of the Complaint and refers to the Policy Application for its complete contents.

18. Denies the allegations of paragraph 18 of the Complaint and refers to the Policy Application for its complete contents.

19. Denies the allegations of paragraph 19 of the Complaint and refers to the Policy Application for its complete contents.

20. Denies the allegations of paragraph 20 of the Complaint and refers to the Policy Application for its complete contents.

21. Denies the allegations of paragraph 21 of the Complaint and refers to the Policy Application for its complete contents.

22. Denies the allegations of paragraph 22 of the Complaint and refers to the Policy Application for its complete contents.

23. Denies the allegations of paragraph 23 of the Complaint and refers to the Financial Questionnaire for its complete contents.

24. Denies the allegations of paragraph 24 of the Complaint and refers to the Financial Questionnaire for its complete contents.

25. Denies the allegations of paragraph 25 of the Complaint and refers to the Financial Questionnaire for its complete contents.

26. Denies the allegations of paragraph 26 of the Complaint and refers to the Financial Questionnaire for its complete contents.

27. Denies the allegations of paragraph 27 of the Complaint and refers to the Financial Questionnaire for its complete contents.

28. Denies the allegations of paragraph 28 of the Complaint and refers to the Policy for its complete contents.

29. Denies the allegations of paragraph 29 of the Complaint and refers to the Policy Owner Acknowledgement of Policy Delivery form for its complete contents.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Denies the allegations of paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Denies the allegations of paragraph 34 of the Complaint.

35. Admits the allegations of paragraph 35 of the Complaint.

36. Admits the allegations of paragraph 36 of the Complaint.

37. Denies the allegations of paragraph 37 of the Complaint, except admits that Mann did not provide the name of a lawyer at the Blumberg Law Group, did not identify with certainty the city where the Blumberg Law Group is located, and stated that he personally had not retained a lawyer at the Blumberg Law Group and did not know whether any lawyer had been retained on his behalf.

38. Denies the allegations of paragraph 38 of the Complaint, except admits that Mann received written requests for information from American General.

39. Denies the allegations of paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, except admits that Mann did not respond to any written request from American General.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42. Denies the allegations of paragraph 42 of the Complaint.

43. Denies the allegations of paragraph 43 of the Complaint.

44. Denies the allegations of paragraph 44 of the Complaint.

45. Denies the allegations of paragraph 45 of the Complaint.

46. Denies the allegations of paragraph 46 of the Complaint.

47. Denies the allegations of paragraph 47 of the Complaint.

48. Denies the allegations of paragraph 48 of the Complaint.

49. Denies the allegations of paragraph 49 of the Complaint.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Denies the allegations of paragraph 51 of the Complaint.

## COUNT I
## MATERIAL MISREPRESENTATION

52. Repeats the above responses in paragraphs 1 through 51 and incorporate those responses herein by reference as if set forth at length.

53. Denies the allegations of paragraph 53 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

54. Denies the allegations of paragraph 54 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

55. Denies the allegations of paragraph 55 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

56. Denies the allegations of paragraph 56 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

57. Denies the allegations of paragraph 57 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

58. Denies the allegations of paragraph 58 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

59. Denies the allegations of paragraph 59 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

60. Denies the allegations of paragraph 60 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

61. Denies the allegations of paragraph 61 of the Complaint.

62. Denies the allegations of paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 63 makes factual allegations against Defendant, those allegations are denied.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 65 makes factual allegations against Defendant, those allegations are denied.

**COUNT II**
**FRAUD**

66. Repeats the above responses in paragraphs 1 through 65 and incorporates those responses herein by reference as if set forth at length.

67. Denies the allegations of paragraph 67 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

68. Denies the allegations of paragraph 68 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

69. Denies the allegations of paragraph 69 of the Complaint, avers that the issues alleged are immaterial to the risk insured, and avers that any alleged misrepresentations were known to or made by American General and/or its agents.

70. Denies the allegations of paragraph 70 of the Complaint.

71. Denies the allegations of paragraph 71 of the Complaint.

72. Denies the allegations of paragraph 72 of the Complaint.

## COUNT III
## INSURABLE INTEREST

73. Repeats the above responses in paragraphs 1 through 72 and incorporates those responses herein by reference as if set forth at length.

74. Denies the allegations of paragraph 74 of the Complaint.

75. Denies the allegations of paragraph 75 of the Complaint.

76. Denies the allegations of paragraph 76 of the Complaint.

77. Denies the allegations of paragraph 77 of the Complaint.

## COUNT IV
## DECLARATORY RELIEF

78. Repeats the above responses in paragraphs 1 through 77 and incorporates those responses herein by reference as if set forth at length.

79. Paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 79 makes factual allegations against Defendant, those allegations are denied.

80. Paragraph 80 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 80 makes factual allegations against Defendant, those allegations are denied.

81. Denies the allegations of paragraph 81 of the Complaint.

## FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

82. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (UNCLEAN HANDS)

83. The insurance agent who procured the policy was an agent of American General.

84. Defendant denies that any misrepresentations were made in the application for the Policy or related documents. However, to the extent any alleged misrepresentations are shown, they were either known to American General's agent or made by American General's agent.

85. American General is responsible for the acts of its agent that fall within the agent's actual or apparent authority, and cannot rescind, cancel or void the Policy which the agent procured, or otherwise deny benefits under that Policy, even if it contained alleged misrepresentations, because the agent either made them or was aware of them.

## THIRD DEFENSE
## (WAIVER AND ESTOPPEL)

86. American General has waived its right to rescind the Policy because the allegations on which it seeks to rescind the Policy involve alleged acts done by its own agent in the application process which it ratified by issuing the Policy.

87. American General should be estopped from seeking to rescind the Policy because the alleged acts upon which it seeks to rescind the Policy were either done by its own agent or with the agent's knowledge which is imputed to American General, and Mann relied on the issuance of the Policy by American General in its activities and in not seeking other Insurance.

## FOURTH DEFENSE
## (NO RELIANCE OR MATERIALITY)

88. The information allegedly misrepresented or omitted in the application and related documents according to American General is not material to the risk insured (the life of Stanley Mann) and therefore American General cannot rescind or cancel the Policy based on this alleged lack of information.

89. Any misrepresentations alleged to have been made in the Financial Questionnaire referred to in paragraph 23 of the Complaint cannot be the basis for granting relief to American General because the Financial Questionnaire was not annexed to or made part of the Policy.

90. American General cannot avoid its coverage obligations based on the alleged lack of information regarding the Stanley Mann 2007 Insurance Trust ("Trust"), or interest in the Trust.

## FIFTH DEFENSE
## (INSURABLE INTEREST UNDER DELAWARE STATUTE)

91. Under Delaware law, an insurable interest existed at policy inception and therefore, American General cannot rescind or cancel the Policy for lack of insurable interest. Delaware law provides: "The trustee of a trust established by an individual has an insurable interest in the life of that individual ...." 18 Del. C. § 2704(c)(5). Under Delaware law, the trustee of the Trust has the same insurable interest in Mr. Mann's life that Mr. Mann has. American General has not based its allegations of lack of insurable interest in the Policy on Delaware law, which it ignores and fails to cite in its Complaint.

## SIXTH DEFENSE
## (RATIFICATION AND WAIVER)

92. Upon information and belief, American General continued to bill for and accept premium payments for the Policy after it learned, or reasonably should have discovered, the alleged facts on which it seeks to rescind, void or cancel the Policy.

93. Accordingly, American General has ratified the Policy and/or has waived any grounds for relief asserted herein.

WHEREFORE, Defendant prays that the Court enter judgment ordering as follows:

1. Dismissing the Complaint with prejudice and in its entirety;

2. Adjudicating and declaring that American General's purported rescission or cancellation of the Policy is unlawful and improper and that the Policy remains in full force and effect;

3. Granting Defendant his costs of suit, expenses, and attorney's fees expended and incurred herein, with post and pre-judgment interest; and

    4.    Granting Defendant such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendant Stanley Mann demands a jury trial on all issues.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ John E. James*
    John E. James (No. 996)
    David E. Moore (No. 3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    Tel.: (302) 984-6018
    jjames@potteramderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Stanley Mann*

OF COUNSEL:

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: (212) 969-3000

Dated: November 30, 2009
944225/34503

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, John E. James, hereby certify that on November 30, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

| | |
|---|---|
| David P. Primack<br>Drinker Biddle & Reath LLP<br>1100 N. Market Street<br>Suite 1000<br>Wilmington, DE 19801<br>david.primack@dbr.com | Stephen C. Baker<br>Elizabeth L. McLachlan<br>Jarrod D. Shaw<br>Katherine L. Villanueva<br>Drinker Biddle & Reath LLP<br>One Logan Square<br>18th & Cherry Streets<br>Philadelphia, PA 19103-6996<br>stephen.baker@dbr.com<br>elizabeth.mclachlan@dbr.com<br>jarrod.shaw@dbr.com<br>katherine.villanueva@dbr.com |

                                              /s/ *John E. James*
                                  John E. James (No. 996)
                                  David E. Moore (No. 3983)
                                  Potter Anderson & Corroon LLP
                                  Hercules Plaza – Sixth Floor
                                  1313 North Market Street
                                  Wilmington, DE 19801
                                  Telephone: (302) 984-6000
                                  E-Mail: jjames@potteranderson.com
                                  E-Mail: dmoore@potteranderson.com

944255/34503