IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 09-434 (GMS) |
| STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

### I. INTRODUCTION

On June 10, 2009, the plaintiff, American General Life Insurance Company ("American General"), filed this declaratory judgment action against the defendants, Stanley Mann ("Mann"), the Stanley Mann 2007 Insurance Trust (the "Trust"), Christiana Bank & Trust Co. (the "Trustee"), and John Does 1-10 (the "Doe defendants"). American General seeks a declaration that the Flexible Premium Adjustable Life Insurance Policy UM0027090L (the "Policy") issued by American General to the Trust is void *ab initio* based upon material misrepresentations contained in the application for the Policy, fraud, and/or lack of an insurable interest. (D.I. 1 at 9-14.) One day prior to filing this action, on June 9, 2009, American General filed a complaint seeking declaratory relief on substantially similar claims against all of the defendants in this action, except for the Doe defendants, as well as five additional defendants in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Florida Action"). (D.I. 18 at 3; Appx. Ex. A.) Both this action and the Florida Action arise

1

from one insurance policy.[1] The defendants responded to both lawsuits. In this action, the Trust and the Trustee filed an answer with a jury demand and counterclaims (D.I. 10) on July 8, 2009, and Mann filed an answer with a jury demand (D.I. 15) on November 30, 2009. In the Florida Action, the Trust, the Trustee, and two agent defendants filed motions to dismiss on or about August 3, 2009; the remaining agent defendants joined the motion on August 8, 2009; and Mann joined the motion on November 6, 2009. (D.I. 21 at 5.) The defendants aver that all of the defendants in the Florida Action have requested dismissal under Florida's doctrine of *forum non conveniens* in favor of proceeding in Delaware. (Id.) Presently before the court is American General's motion to stay pending ruling by the Fifteenth Judicial Circuit in and for Palm Beach County Florida on two motions to dismiss civil action no. 502009CA020056XXXXMB (D.I. 18). The motion has been fully briefed. For the reasons that follow, the court will deny American General's motion.

## II.   BACKGROUND

American General is a Texas corporation duly authorized to transact the business of insurance in the state of Delaware. (D.I. 1 at 3.) Mann is a resident in the state of Florida. (Id.) The Trust and the Trustee are based in Greenville, Delaware. (Id.) On or about June 15, 2007, Mann established the Trust to own a life insurance policy on his life. (D.I. 21 at 2; Ex. A at 1.) The Mann Trust is a statutory trust created and organized pursuant to the laws of the state of Delaware and formed pursuant to the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, *et seq.*, with its principal place of business in Greenville, Delaware. (D.I. 6 ¶ 95.) Christiana Bank & Trust Company serves as the Trustee and administers the Trust in Delaware. (D.I. 6 ¶ 100.) The trust agreement provides that: "[e]ach of the parties hereto hereby consents and agrees that the

---

[1] In its opening brief, American General explained that it "inadvertently referred the matter to two of its long-standing outside counsel, each of whom commenced legal proceedings without the knowledge of the other." (D.I. 19 at 4, n.2.)

State or Federal courts located in Wilmington, Delaware, shall have exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Agreement or to any matter arising out of or relating to this agreement." (D.I. 21 at Ex. A, § 5.6.)

American General asserts that on or about June 15, 2007, Mann, the Trustee, and insurance producer Stephen Wechsler executed Part A Life Insurance Application seeking issuance of the Policy. (D.I. 1 at 4.) On or about June 18, 2007, Mann and the Trustee completed and executed a financial questionnaire in further support of their application for issuance of the policy. (D.I. 1 at 5.) In reliance upon Mann's representations and answers, American General executed, issued, and delivered the Policy with an issue date of June 10, 2007. (Id.; D.I. 21, Ex. B at 3.) The Policy indicates that the "INSURED" is "STANLEY MANN" and that it is "PREPARED FOR" the "STANLEY MANN 2007 INS TRUST." (D.I. 21, Ex. B at 3-4.) The Policy also explicitly states that "THIS IS A DELAWARE CONTRACT." (D.I. 21, Ex. B at 3.) American General subsequently conducted a routine review and investigation of the application for the Policy and the representations contained therein. (D.I. 1 at 6.) In 2009, American General advised Mann that if he did not provide the requested documentation regarding his net worth and personal income or contact counsel for American General to discuss production by June 8, 2009, then American General would commence legal proceedings seeking a declaration of the parties' rights and liabilities under the Policy. (D.I. 1 at 6-7.) American General did not hear from Mann on that date and, consequently, filed the Florida Action and the instant declaratory judgment action. (Id.) Hence two parallel proceedings are occurring contemporaneously in a state court in Florida and the federal district court in Delaware.

## III. DISCUSSION

American General contends that the court should stay this action to avoid duplicative litigation, inefficient use of judicial resources, and inconsistent results. In its opening brief, American General provides three bases for the court to stay this action: (1) the court's inherent power to manage its docket, (2) the court's power to abstain under the *Colorado River* doctrine, and (3) the first-filed rule. The defendants' answering brief explicates why these arguments are not persuasive. In its reply brief, American General adds that abstention is also supported by a *Brillhart* analysis. Nevertheless, the court agrees with the defendants that a stay is not warranted in this particular action.[2]

### A.   *Brillhart* Analysis Supports Denying Motion to Stay

American General filed this suit pursuant to the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201. In *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), the Supreme Court examined the interrelationship of the state and federal courts in the administration of the Act. The Supreme Court established a discretionary standard for federal district courts holding that "[a]lthough the District Court has jurisdiction of the suit under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction." *Brillhart*, 316 U.S. at 494. The Supreme Court even stated,

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

---

[2] The court recognizes that American General's opening brief guided the substance of the subsequent briefing. Both parties focused heavily on the *Colorado River* abstention doctrine, but that doctrine does not control this court's analysis given relevant authority under *Brillhart*. The Supreme Court explained: "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*. No subsequent case, in our view, has called into question the application of the *Brillhart* standard to the *Brillhart* facts." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (U.S. 1995). Therefore, the court will use the parties' arguments to inform its *Brillhart* analysis.

*Brillhart*, 316 U.S. at 495. The Supreme Court later explained, "[w]e have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal citations omitted). The Supreme Court further explained that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. The Third Circuit has recognized this discretionary standard. *See generally NYLife Distribs. v. Adherence Group*, 72 F.3d 371 (3d Cir. 1995). Therefore, based upon the underlying facts and procedural history of the instant case, the court will use its discretion to hear, rather than refuse to hear, this action.

In *Brillhart*, the Supreme Court provides relevant factors that the court should consider when determining whether to stay or dismiss a declaratory judgment action given a parallel proceeding in state court.

> Where a District Court is presented with a claim . . . it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, *can better be settled* in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart*, 316 U.S. at 495 (emphasis added); *see also NYLife*, 72 F.3d at 383. The Third Circuit provides additional guidance:

> [T]he district court should determine, as a threshold matter, whether the state court action is indeed 'parallel' . . . . Since the very basis for deference is the

> avoidance of needless duplicative litigation . . . . [T]he court should evaluate which forum will *protect* the [plaintiff] more effectively while providing the [defendants] with the more *efficient, convenient, and expeditious vehicle* to settle their dispute . . . . We would also expect the district court to evaluate the conduct of the parties in litigating both the federal and state actions to ensure that *procedural fencing, forum shopping or gamesmanship is not rewarded.* We do not intend the considerations we have enunciated to be comprehensive, and leave it to the district court to consider any other factors it finds relevant.

*NYLife,* 72 F.3d at 382-83 (emphasis added). With these factors in mind, the court will now explain its rationale for declining to enter a stay in this action.

Abstention analysis begins with a determination of whether the state and federal actions are parallel. *NYLife,* 72 F.3d at 382. If the actions are not parallel, then the court lacks the power to address abstention. *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997). A parallel action generally involves the same parties and claims. *Id.* The actions do not have to be identical, but they must be "substantially similar." *Sea Colony, Inc. v. Alcan Aluminum Corp.,* 653 F. Supp. 1323, 1326 (D. Del. 1987). With regard to the parties, the Florida Action includes all of the defendants named in this action, except for the Doe defendants, and five additional defendants. (D.I. 19 at 9, Appx Ex. A.) Thus, the parties in each case are substantially similar. With regard to the claims, both actions seek a declaration that the Policy is void *ab initio,* and both actions allege several counts, including material misrepresentation, fraud, and lack of an insurable interest. (D.I. 1, D.I. 19, Appx. Ex. A.) Thus, the claims are substantially similar. Moreover, American General stated that it inadvertently had two separate outside counsel file lawsuits on the same matter. (D.I. 18 at 4, n.2.) In addition, all parties agree that this action and the Florida Action are "parallel." (D.I. 19 at 9; D.I. 21 at 1.) Therefore, the court finds that this declaratory judgment action and the Florida action are parallel and subject to abstention analysis under *Brillhart.*

6

First, on the record before it, the court finds that the issues in this action "can better be settled" here in the state of Delaware. *Brillhart*, 316 U.S. at 495. This action concerns a Delaware statutory trust, and the Policy at issue is a Delaware contract. (D.I. 21, Ex. A and Ex. B.) The Trust agreement states that "[e]ach of the parties hereto hereby consents and agrees that the State or Federal courts located in Wilmington, Delaware, shall have exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Agreement or to any matter arising out of or relating to this agreement." (D.I. 21 at Ex. A, § 5.6.) The Trustees are based in Delaware, and Mann agreed to this choice of forum even though he currently resides in Florida. (D.I. 1 at 3.) In fact, Delaware law provides that the "existence of an insurable interest with respect to . . . [a] trust owned life insurance policy shall be governed by this section without regard to an insured's state of residency or location." 18 Del. C. § 2704(g). Moreover, the Policy application was executed in Delaware, and a final copy of the Policy was delivered to Delaware.[3] (D.I. 1 at 4-5.) Taken together, these facts indicate that the substantive laws of Delaware are central to this action. As defendants point out, the centrality of Delaware state law weighs against granting a stay. As a result of residing in Delaware, this court is likely more familiar with issues of Delaware law. In fact, this court has adjudicated similar matters involving American General.[4] Moreover, unlike a Florida state court, this court is able to certify questions of law to the Delaware

---

[3] The court recognizes that there may be a discrepancy about where the application was executed. Although the complaint states that the application was purportedly signed in Delaware, American General asserted in its reply brief that the solicitation and application for the Policy is believed to have taken place in Florida. (D.I. 28 at 10.) This discrepancy does not affect the court's analysis given the other compelling factors weighing against a stay.

[4] For example, American General filed a similar lawsuit against Helen Goldstein, Helen Goldstein Insurance Trust, and other defendants in this court. *See American Gen. Life Ins. Co. v. Goldstein*, C.A. No. 09-369-SLR (D. Del.).

Supreme Court. *See* Del. Sup. Ct. R. 41(a)(ii); *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000). Thus, the efficient administration of justice favors this forum.

Second, Delaware appears to be a convenient forum for both American General and the defendants. American General made the decision to initiate proceedings in Delaware. (D.I. 1.) It has also chosen this forum before.[5] Additionally, all of the defendants have sought a dismissal of the Florida action under the doctrine of *forum non conveniens* in favor of this forum. (D.I. 21 at 5.) That fact is compelling because it demonstrates that the defendants are more amenable to resolving the dispute here. Thus, it appears as if this court will serve as the most "efficient, convenient, and expeditious vehicle" to settle this dispute. *NYLife,* 72 F.3d at 383.

Third, no evidence has been presented to show that either party will be disadvantaged by litigating here. To the contrary, although the proceedings in Florida are at the early stages of pretrial litigation awaiting disposition of the motions to dismiss, the proceedings here are well into later stages of pretrial practice. The court's schedule is being followed, including the observance of discovery deadlines and the occurrence of telephone conferences. Additionally, the pretrial conference is set for March 23, 2011, and the jury trial is set for April 11, 2011. This case is quite far along in the pretrial process. Moreover, American General has failed to show why the Florida state court is better equipped to resolve this matter or even why it is "adequate."[6]

---

[5] *See supra* note 4 and accompanying text.
[6] "When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (U.S. 1983). Likewise, it would be an abuse of discretion to issue a stay in this action since such doubt exists.

8

Fourth, the court agrees with the defendants that they may be prejudiced by a stay, which would cause delay. This action is farther along than the Florida Action. Although American General has only requested a stay until the motions to dismiss are decided, it would be unreasonable to stop the proceedings in this court and wait for the resolutions of motions that have been pending since 2009. (D.I. 21 at 5.) The defendants rightfully point out that Mann is currently in his mid-70's and any delay may impair his ability to testify about key disputed issues. (Id. at 16.)

Finally, the court is charged with ensuring that "procedural fencing, forum shopping or gamesmanship is not rewarded." *NYLife,* 72 F.3d at 383. Although American General stated that it accidentally filed two cases, it has not explained why it failed to rectify the problem by choosing one court in which to litigate. American General only states that "if the Florida motions to dismiss are denied, then American General will seek dismissal of the Delaware Action by way of motion to eliminate duplicate proceedings." (D.I. 18 at 2.) That strategy appears to disadvantage the defendants for the reasons discussed above. This action is distinguishable from cases in which two parties file separate actions in different jurisdictions, which result in duplicate proceedings. *Contra Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 368 (D. Del. 2009). Here, American General created the duplicate proceedings. Given that the defendants all prefer to litigate in this court, justice can be served by maintaining this action and resolving the dispute.

**B.  Other Bases Support Denying Motion to Stay**

The parties' arguments based on inherent power and the *Colorado River* doctrine are addressed by the *Brillhart* analysis. In short, the court has inherent power (i.e., discretion) to

stay cases, but staying this action is not justifiable for the reasons discussed above. Additionally, because this action is a declaratory judgment action, *Colorado River* does not control. However, assuming arguendo that *Colorado River* applies, this case does not present "exceptional circumstances" to warrant a stay. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (U.S. 1976).

Finally, the court will address American General's arguments under the first-filed rule. As American General points out, and the defendants correctly underscore, the first-filed rule does not apply to situations such as this. In the Third Circuit, the controlling law holds that the first-filed rule only applies to parallel proceedings in federal courts. "The first-filed doctrine has long functioned as a 'policy of comity' counseling 'trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases . . . in different federal district courts.'" *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 368 (D. Del. 2009) (*quoting E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (internal citations omitted)). "The first-filed doctrine does not apply when similar actions are pending concurrently in federal and state court, as the rule 'encourages sound judicial administration and promotes comity among federal courts of equal rank.'" *Id.* Thus, the first-filed rule is not applicable here.[7] Like *Nihon*, the court declines the movant's invitation to expand the first-filed rule.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny American General's motion to stay.

Dated: February 3, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

---

[7] Additionally, even under the *Colorado River* doctrine, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (U.S. 1983).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 09-434 (GMS) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The plaintiff's motion to stay pending ruling by the Fifteenth Judicial Circuit in and for Palm Beach County Florida on two motions to dismiss civil action no. 502009CA020056XXXXMB is DENIED.

Dated: February 3, 2011

CHIEF, UNITED STATES DISTRICT JUDGE