# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No: 1:09-cv-00434-GMS |
| STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1- 10, | : : : : | |
| Defendants. | : : | |

## PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION OF HAROLD SKIPPER

COOLEY MANION JONES LLP
Jason A. Cincilla (#4232)
Amaryah K. Bocchino (#4879)
Peter J. Faben (#5163)
1105 North Market Street, Suite 200
Wilmington, DE 19801
Telephone: (302) 657-2100
jcincilla@cmjlaw.com
abocchino@cmjlaw.com
pfaben@cmjlaw.com

OF COUNSEL:
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Robert P. Lesko
33 Washington Street
Newark, New Jersey 07102-3017
(973) 624-0800 ph.
Robert.lesko@wilsonelser.com
*Attorneys for Plaintiff,*
*American General Life Insurance Company*

Plaintiff American General Life Insurance Company (hereafter "American General"), by and through the undersigned counsel, hereby responds and objects to Defendants' Notice of Deposition of Harold Skipper pursuant to *Fed. R. Civ. P.* 26 and 30 as follows:

## GENERAL OBJECTIONS

These responses are based on information currently known by American General. Discovery in this case is ongoing, and American General has not completed its investigation of the facts pertaining to this action, nor has it completed its discovery, or preparation for trial. American General reserves the right to rely on any facts, documents or other evidence which may develop or come to American General's attention subsequent hereto.  American General's responses are set forth herein without prejudice to American General's right to assert additional objections or supplemental responses should American General discover additional information or grounds for objections.  American General reserves the right to supplement or amend these responses at any time prior to trial of this action.

American General objects to these requests in their entirety as overly broad, unduly burdensome, vague, vexatious, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

American General objects to each request calling for an answer requiring "each", "every", "all", "any", or "each and every" persons, entities, documents, statements, facts or circumstances on the grounds that such requests are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and that they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, American General will

2

construe these terms and phrases to request that American General use reasonable diligence to identify relevant information or documents, based on an examination of those files that reasonably may be expected to yield relevant information or documents, and inquire of those who may reasonably be expected to possess responsive information or documents.

American General objects to all requests for information regarding "each", "every", "all", "any", or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s), or statement(s) on the grounds that Plaintiff has not completed its investigation of facts relating to this action.  Discovery and American General's search for documents and related materials is ongoing.  Accordingly, American General reserves the right to rely on any facts, documents or other evidence that may develop or come to American General's attention, subsequent thereto.  American General's responses are set forth herein without prejudice to its right to assert additional objections or supplemental responses should American General discover additional information or grounds for objections.  Additionally, American General reserves the right to supplement or amend these responses at any time prior to trial of this action.

American General objects to each requests that seeks information with respect to documents or oral communications "relating to", "reflecting", "pertaining to", "concerning", "discussing", "referencing", or "referring to" certain facts or contentions on the grounds that these terms are vague and ambiguous, and do not describe the material sought with sufficient particularity.  American General further objects that requests using these terms are overly broad, unduly burdensome, oppressive and vexatious and that they

seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

American General objects to the requests to the extent they impose any duty or obligation upon American General in excess of those duties and obligations imposed by the applicable Rules of Court.

American General objects to all requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-examination or self-critical analysis privilege, or any other legal privilege or immunity.

American General objects to all requests that seek information in the possession or control of other parties to this action.

American General objects to all requests to the extent that they require American General to detail its legal contentions and supporting facts on the ground that such request are premature at this stage of discovery.

To the extent American General responds to these requests, American General does not concede that the information requested is relevant to this action.  American General expressly reserves the right to object to further discover of the subject matter of any of these Requests and the introduction into evidence of any answer or portion thereof, or of any document produced in response to these requests.

American General reserves the right to challenge the competency, relevance, materiality and admissibility of information set forth herein in any subsequent proceeding or the trial of this or any other action and to object on those grounds to the use of these answers in any subsequent proceeding or the trial of this or any other action.

American General objects to all requests to the extent they seek disclosure of confidential, commercial or business information.

The foregoing General Objections are hereby expressly incorporated in each of the following responses to requests, to the extent applicable, and are in addition to any specific objections made in any of the following answers.

## SPECIFIC ANSWERS AND OBJECTIONS

1.     **The Expert's retainer agreement in connection with this action.**

**Response to 1:**

No formal retainer agreement was ever entered between American General and Harold Skipper, but American General refers defendant to documents produced with these responses and objections to Defendants' Notice of Deposition of Harold Skipper for correspondence concerning compensation.

2.     **All Documents that constitute, concern, or memorialize any communication between the Expert and American General, including but not limited to any letters, memoranda, and notes.**

**Response to 2:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it calls for documents prepared in anticipation of litigation as well as the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to documents produced with these responses and objections to Defendants' Notice of Deposition of Harold Skipper.

**3.      All Documents that American General gave or showed to the Expert or that the Expert gave or showed to American General.**

**Response to 3:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it calls for documents prepared in anticipation of litigation as well as the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to Harold Skipper's report and in documents produced with these responses and objections to Defendants' Notice of Deposition of Harold Skipper.

**4.      All Documents that the Expert read, received, reviewed, considered, and/or used from whatever source in connection with this action, including but not limited to in connection with the preparation of his report submitted in this action, his anticipated deposition in this action, or his anticipated trial testimony in this action.**

**Response to 4:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects

to this request on the grounds that it calls for documents prepared in anticipation of litigation as well as the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to Harold Skipper's report and in documents produced with these responses and objections to Defendants' Notice of Deposition of Harold Skipper.

**5.      All Documents (including notes and drafts) that the Expert prepared or created in connection with this action, including but not limited to in connection with the preparation of his report submitted in this action, his anticipated deposition in this action, or his anticipated trial testimony in this action.**

<u>**Response to 5:**</u>

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it calls for documents prepared in anticipation of litigation as well as the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to Harold Skipper's report and in documents produced with these responses and objections to Defendants' Notice of Deposition of Harold Skipper.

**6.     All Documents that the Expert will use as a summary of or support for the opinions about which he anticipates testifying in this action.**

**<u>Response to 6:</u>**

American General objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.

**7.     All publications that the Expert has authored within the preceding ten years.**

**<u>Response to 7:</u>**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to Harold Skipper's report.

**8.     All reports that the Expert prepared in connection with any action within the preceding four years.**

**<u>Response to 8:</u>**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to Harold Skipper's report.

**9.      Transcripts of all testimony that the Expert has given (at trial or by deposition or otherwise) in connection with any action within the preceding four years.**

<u>**Response to 9:**</u>

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).

Subject to and without waiver of any objections, American General refers defendant to Harold Skipper's report.

**10.      All decisions or opinions of any court considering or discussing any report that the Expert prepared or any testimony that the Expert gave in connection with any action within the preceding four years.**

<u>**Response to 10:**</u>

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks information that is beyond the requirements of *Fed. R. Civ. P.* 26(b)(4)(C).  American General further objects to this request as it requires disclosure of information that is equally available to the defendant.

COOLEY MANION JONES LLP

/s/ Jason A. Cincilla
Jason A. Cincilla (#4232)
Amaryah K. Bocchino (#4879)
Peter J. Faben (#5163)
1105 North Market Street, Suite 200
Wilmington, DE  19801
(302) 657-2100
jcincilla@cmjlaw.com
abocchino@cmjlaw.com
pfaben@cmjlaw.com

OF COUNSEL:
WILSON ELSER MOSKOWITZ
EDEMAN & DICKER LLP
Robert P. Lesko
33 Washington Street
Newark, New Jersey 07102-3017
(973) 624-0800 ph.
(973) 624-0799 fx.
*Attorneys for Plaintiff*
*American General Life Insurance Company*

March 11, 2011
437264v1

## <u>CERTIFICATE OF SERVICE</u>

I, Jason A. Cincilla, counsel of record for American General Life Insurance Company, hereby certify that on March 11, 2011, I electronically filed PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION OF HAROLD SKIPPER with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

*/s/ Jason A. Cincilla*
Jason A. Cincilla (#4232)