IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1 – 10, <br><br> Defendants-Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 09-434-GMS |

## JOINT MOTION AND ORDER FOR ENTRY OF ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

The Undersigned Parties, by and through their counsel, Cooley Manion Jones LLC, attorneys for Plaintiff American General Life Insurance Company ("American General"), and Potter Anderson & Corroon LLP, attorneys for Defendants Stanley Mann ("Mann"), the Stanley Mann 2007 Insurance Trust (the "Mann Insurance Trust"), and Wilmington Savings Fund Society, FSB (as successor-in-interest to Christiana Bank & Trust Company) ("WSFS"), as Trustee of the Mann Insurance Trust, (collectively, "Defendants"), hereby move the Court to enter an Order of Final Judgment and Dismissal with Prejudice in connection with the parties' settlement of this action.

In connection with the settlement, the parties set forth the following:

1. Plaintiff issued Life Policy UM0027090L ("the Policy") insuring the life of Stanley Mann in the amount of $3,500,000.00.

2. Plaintiff alleges that it incurred costs in connection with issuance of the Policy.

3. The Mann Insurance Trust is the owner and beneficiary of the Policy, and WSFS is Trustee of the Mann Insurance Trust.

4. The Stanley Mann 2007 Family Trust ("Family Trust") was the initial sole beneficiary of the Mann Insurance Trust.

5. The Family Trust transferred its entire beneficial interest in the Mann Insurance Trust to The GIII Accumulation Trust ("GIII"), and the Family Trust was subsequently dissolved and terminated.

6. GIII is now the sole beneficiary of the Mann Insurance Trust; Wells Fargo Bank, N.A. is the Managing Trustee of GIII; and, Wells Fargo Delaware Trust Company, National Association is the Delaware Trustee of GIII.

7. American General initiated a lawsuit in the United States District Court for the District of Delaware styled *American General Life Insurance Company v. Stanley Mann, et al.*, Civil Action No. 1:09-cv-00434 (the "DE Lawsuit") and a lawsuit in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, styled *American General Life Insurance Company v. The Stanley Mann 2007 Insurance Trust, et al.* (the "FL Lawsuit") (collectively, "the Lawsuits").

8. American General alleged that Mann and the Mann Insurance Trust made certain material misrepresentations in connection with the application for the Policy upon which American General alleged it reasonably relied in insuring the Policy.

9. American General alleged that the Mann Insurance Trust lacked any insurable interest in the Policy at the time that it was issued.

10. By way of the Lawsuits, American General seeks, among other things, a declaration that the Policy is rescinded and void *ab initio* because of the material misrepresentations and because of lack of insurable interest.

11. By way of the Lawsuits, American General claims that it has suffered damages as a result of the alleged material misrepresentations, including, but not limited to, policy administration costs, the payment of commissions and other compensation to insurance producers, as well as costs, fees and other damages incurred in connection with the investigation and prosecution of the alleged fraud.

12. American General has received premium payments in the amount of $252,000 for the Policy, which American General claims it is entitled to keep as an offset against fees, costs and other expenses in order to return American General to the *status quo ante* as of the time of the alleged fraud.

13. By way of the Lawsuits, Mann and the Mann Insurance Trust dispute that (a) any material misrepresentations were made in connection with the application for the Policy, (b) American General reasonably relied on any misrepresentations in issuing the Policy, (c) the Policy lacked insurable interest at the time it was issued, (d) American General suffered any damage in connection with the Policy, and (e) American General is entitled to rescission of the Policy.

14. By way of the Lawsuits, Mann and the Mann Insurance Trust demand return of the premium paid, if the Policy is to be rescinded.

15. Mann and the Mann Insurance Trust have asserted a counterclaim based upon American General's alleged anticipatory breach of the Policy, for a declaration that the

3

Policy is valid and enforceable and for a declaration and damages as a result of the alleged conduct of American General and individuals alleged to be American General's agents.

16. The Parties desire to amicably compromise and resolve any and all disputes, controversies, claims and actions between them arising out of, relating to, or concerning the Policy and have, therefore, entered into a settlement.

**NOW, THEREFORE**, in order to provide the broadest relief to all parties and non-parties who may have an interest in the resolution of the Lawsuits through the settlement, the parties have submitted hereto, as Exhibit A, a Scheduling Order for Approval of Order of Final Judgment and Dismissal with Prejudice; as Exhibit B, a Notice of Hearing on Motion for Approval of Order of Final Judgment and Dismissal with Prejudice; and as Exhibit C, an Order of Final Judgment and Dismissal with Prejudice.

**NOW, FURTHER**, upon motion of American General and Defendants, IT IS HEREBY ORDERED this 11th day of July, 2012,

A. That the Court, having reviewed and considered the form of Scheduling Order for Entry of Order of Final Judgment and Dismissal with Prejudice (the "Scheduling Order"), approves and executes the form of Scheduling Order;

B. That the Court, having reviewed and considered the form of the Notice of Hearing on Motion for Entry of Order of Final Judgment and Dismissal with Prejudice (the "Notice"), approves and executes the form of Notice; and

C. That the Court, having reviewed and considered the form of Order of Final Judgment and Dismissal with Prejudice (the "Final Judgment Order"), approves the Final Judgment Order as to form only, subject to any objections by interested persons to the entry of

the Final Judgment Order and any rulings by the Court at such times as are more fully stated in the Scheduling Order.

| COOLEY MANION JONES LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: /s/ Jason A. Cincilla<br>Jason A. Cincilla (No. 4232)<br>Amaryah K. Bocchino (No. 4879)<br>500 Delaware Avenue - Suite 710<br>Wilmington, DE 19801<br>Telephone: (302) 657-2100<br>E-Mail: jcincilla@cmjlaw.com<br>abocchino@cmjlaw.com | By: /s/ John E. James<br>John E. James (No. 996)<br>David E. Moore (No. 3983)<br>Michael B. Rush (No. 5061)<br>Hercules Plaza - 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>E-Mail: jjames@potteranderson.com<br>dmoore@potteranderson.com<br>mrush@potteranderson.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

IT IS SO ORDERED this 11st day of July, 2012.

_____
Chief Judge Gregory M. Sleet

1062352/34503

5